IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-10058-01-WEB |
| | ) | |
| MARK A. FINNIGIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

This matter came before the court on November 26, 2007 for sentencing.  At the sentencing hearing, the court ruled orally on the defendant's request for a downward variance. This written memorandum will supplement the court's oral ruling.

Defendant argues there are mitigating factors, including the fact of his long history of mental illness, that warrant a downward variance.  He argues that with proper treatment he could be a functioning member of society.  He contends that he suffered from a diminished capacity at the time of the offense.  He says his medication had run out and he sought help at a local hospital, but he was soon discharged and out of medication.  He says he applied for a medical card with the State of Kansas to obtain prescription medication, but did not receive the card until after the offense.  Defendant cites a similar case, *United States v. Miranda*, 2007 WL 3120098 (7th Cir., Oct. 26, 2007), where the defendant was convicted of bank robbery and later diagnosed with schizoaffective disorder, where the Seventh Circuit directed the district court to consider whether the defendant's mental illness reduced the need for deterrence; made incapacitation by imprisonment less appropriate; and made him less deserving of punishment.  Defendant argues

that similar factors in his case warrant a sentence below the advisory guideline range.  Defendant

also points out that he turned himself in within a few days of the robbery.  He contends that two

encouraged departure factors under the guidelines – Section 5K2.13 (diminished capacity) and

Section 5K2.16 (voluntary disclosure of offense) – weigh in favor of a variance in this case.

Under Section 3553, the court is required to impose a sentence sufficient, but not greater

than necessary, to comply with the following purposes:

-the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just
punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or
other correctional treatment in the most effective manner;
In doing so, the court must consider the following factors:
(1) the nature and circumstances of the offense and the history and characteristics of the
defendant;
(2) the purposes of sentencing set forth above;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for the offense under the
applicable sentencing guidelines;
(5) any pertinent policy statement issued by the Sentencing Commission
(6) the need to avoid unwarranted sentence disparities among defendants with similar records
who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

As the court noted at the sentencing hearing, under Section 5K2.13 of the Guidelines, a

downward departure for a significantly reduced Diminished Capacity is permitted if it

contributed to the offense, but such a departure is not appropriate if the facts of the offense

indicate a need to protect the public because the offense involved a serious threat of violence, or

if the defendant's criminal history indicates a need for incarceration to protect the public.  In this

case, the defendant's substantial criminal history, which spans nearly thirty years, shows that he

needs a controlled custodial environment, both for his own benefit and for the safety of society.

2

The court is not persuaded that his claim of diminished capacity supports a variance, particularly in view of the need to adequately protect the public and the need of the defendant for a structured environment.  Moreover, the court finds the *Miranda* case cited by defendant to be distinguishable, as the defendant in that case had a confirmed diagnosis of schizoaffective disorder, and there is no indication that his criminal history was comparable to that of Mr. Finnigin.  The court finds that a downward variance of 12 months is warranted in this instance based upon the defendant's voluntary conduct in contacting the police, disclosing that he was wanted for robbery, and turning himself in and accepting responsibility for the robbery.  After considering all of the factors under Section 3553 as applied to this case, the court concludes that a custodial sentence of 51 months will best satisfy the purposes of sentencing.

> *Conclusion*.

Defendant's request for a downward variance is GRANTED in PART to the extent stated above.  The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this 26th  Day of November, 2007, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge